IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDA C. SUMNER,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

No. CIV S-06-2883 DAD

ORDER

Plaintiff brought this action seeking judicial review of an administrative decision denying his claim for Supplemental Security Income under Title XVI of the Social Security Act. See 42 U.S.C. § 405(g). On September 5, 2007, pursuant to the stipulation of the parties, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). That order directed that the matter be remanded to a different Administrative Law Judge (ALJ), that plaintiff's instant application be associated with plaintiff's subsequent claim for benefits, and that the ALJ obtain supplemental evidence from a vocational expert, reevaluate plaintiff's impairments under the Listings, further evaluate plaintiff's credibility and provide plaintiff the opportunity to submit additional evidence and testimony.

Pending before the court is counsel's motion for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Counsel seeks an award of $7,386.65 in attorney fees under the EAJA based upon 45.15 hours of attorney time claimed.[1] Specifically, in the fee motion counsel claims 3.5 hours at the rate of $161.85 per hour in 2006, and 41.65 hours at the rate of $163.75 per hour in 2007. Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour. See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)). Nonetheless, counsel for plaintiff seeks to recover fees at the adjusted rates listed above to account for inflation.

Defendant Commissioner opposes the motion on the grounds that the fee award sought is excessive and should be reduced accordingly.[2] In this regard, the Commissioner argues that plaintiff has failed to meet her burden of showing that 45.15 hours was a reasonable amount of attorney time expended in order to achieve the outcome obtained in this "routine disability case." (Def.'s Opp. at 3.) Specifically, the Commissioner takes issue with the number of hours purportedly expended by plaintiff's counsel in performing purely clerical tasks, drafting the complaint and, in particular, preparing the summary judgment motion. In this latter regard, the Commissioner argues that it was clear in 2007, given Ninth Circuit case law in 2006 and 2007, that the ALJ's decision suffered from several facial errors. The Commissioner contends that plaintiff's counsel should not have spent time drafting the summary judgment motion at all but instead should have contacted counsel for the Commissioner to obtain the stipulated settlement. In the alternative, the Commissioner argues that the amount of time allegedly expended by plaintiff's counsel in drafting the motion was clearly excessive. In the end, the Commissioner urges the court to award between $3,000 and $4,750 less than that sought by plaintiff's counsel.

---

[1] These hours include work associated with the pending petition for attorney fees. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) (attorney fees for fee litigation appropriate under the EAJA).

[2] The Commissioner does not take issue with the hourly rates claimed by petitioner's counsel, which have been adjusted for increases in the cost of living.

In reply, plaintiff's counsel has refuted each of the Commissioner's points with respect to the fees sought. In this regard, counsel has submitted a declaration in which she asserts that: (1) in computing her hours she specifically excluded from her bill any time spent explaining the proceedings to her client or other time that would be inappropriate to bill to a client; (2) in her experience it is futile to expend time attempting to reach a pre-litigation settlement with the government; and that the amount of attorney time expended in drafting the motion for summary judgment which secured the stipulated remand, far from being excessive, was reasonable when compared to other cases.

**ANALYSIS**

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991). A party who obtains a sentence four remand in a social security case is a prevailing party for purposes of the EAJA. Schaefer, 509 U.S. at 302. Here, it is undisputed that plaintiff is a "prevailing party." It is also undisputed that the position of the Commissioner was not "substantially justified." The petition for fees was also timely filed. Thus, the undersigned finds that counsel for plaintiff is entitled to an award of attorney fees.

With respect to the amount of attorney time claimed, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id.

(quoting <u>Hensley</u>, 461 U.S. at 437.) In addition, "[t]he statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." <u>Atkins</u>, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

Here, counsel secured a remand on behalf of her client, pursuant to stipulation, following the filing of a motion for summary judgment plaintiff's behalf. Counsel requests a total fee in the amount of $7,386.65 based upon 45.15 hours of attorney time devoted to the matter. The court declines to conduct a line-by-line analysis of counsel's billing entries. <u>See</u>, <u>e.g.</u>, <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993); <u>Destefano v. Astrue</u>, No. 05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. March 4, 2008). Having carefully reviewed the pending motion, however, the court finds the claimed 45.15 hours of attorney time a reasonable amount of attorney time to have expended on this matter. While the issues presented may have been straightforward, and while the court is mindful of the expertise of plaintiff's counsel, 45.15 hours is comparable, although certainly at the upper-end, to the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court. The court also appreciates that social security cases are often fact-intensive and is aware of the successful result obtained by counsel.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 4, 2007 motion for attorney fees pursuant to 28 U.S.C. § 2412 (Doc. No. 22) is granted. Plaintiff is awarded $7,386.65 in EAJA attorney fees made payable to plaintiff's counsel.

DATED: March 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
sumner2883.eajaattyfees